UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. MECKFESSEL POLETTI,<br>Plaintiff,<br>v.<br>WORKDAY, INC.,<br>Defendant. | Case No. 2:26-cv-02105-DJC-CSK (PS)<br><br>FINDINGS AND RECOMMENDATIONS<br>(ECF No. 21) |

Pending before the Court is Defendant Workday Inc.'s motion to dismiss the First Amended Complaint.[1] (ECF No. 21.) Plaintiff is appearing without counsel. Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file and vacated the September 1, 2026 hearing.

For the reasons that follow, the Court recommends REMANDING this action to the Sacramento County Superior Court and DENYING Defendant's motion to dismiss as moot.

/ / /

/ / /

/ / /

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

## I. BACKGROUND

### A. Factual Allegations[2]

The First Amended Complaint ("FAC") is difficult to follow. Plaintiff alleges various wrongdoing committed by Defendant such as advancing a "smear campaign" made by Plaintiff's ex-husband. FAC § VI (ECF No. 16). Plaintiff was employed as a legal assistant for Sprouts Farmers Market, beginning in November 2019. FAC ¶ 54. Plaintiff alleges she was subsequently placed in a position at the deli counter. *Id*. The FAC alleges subsequent harassment by Defendant which eventually led to Plaintiff being "left off schedule for a year" after reporting harassment to a Sprouts division manager. *Id*. ¶ 55. Plaintiff alleges she attempted to return to work several times but was terminated on July 14, 2021. *Id*. The FAC proceeds to allege Defendant was connected to a subsequent employer, causing her to leave her job for fear of safety. *Id*. ¶ 65. Plaintiff also alleges wrongdoing connected to Defendant following a car accident in July 2025, where she alleges a body shop erroneously returned a check to pay for vehicle damage. *Id*. ¶ 70.

### B. Procedural Posture

On June 8, 2026, Defendant Workday, Inc. removed this action from Sacramento County Superior Court based on federal question jurisdiction. (ECF No. 1.) The original Complaint alleged federal violations of the Americans with Disabilities Act ("ADA"), Genetic Nondiscriminatory Act ("GINA"), Age Discrimination in Employment Act of 1967, ("AEDA"), and under Title VII of the Civil Rights Act ("Title VII"), and appeared to allege violations under 42 U.S.C. § 1983. (ECF No. 1-1 at 6-32.) Plaintiff filed a similar action in the Eastern District of California, *Meckfessel-Poletti v. Workday, Inc.*, 2:25-cv-01315-DJC-CSK (PS) (E.D. Cal.) ("*Meckfessel I*"), which was dismissed without leave to amend

---

[2] These facts primarily derive from the FAC (ECF No. 16), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

for failure to state a claim on February 20, 2026. (*Meckfessel I*, ECF No. 8.) Accordingly, a related case order was issued on June 10, 2026, reassigning this matter to the same judges assigned to *Meckfessel I*. (ECF No. 5.)

On June 15, 2026, Defendant filed a motion to dismiss the Complaint. (ECF No. 9.) On July 6, 2026, Plaintiff filed the FAC, deleting her federal claims and alleging the following state-law causes of action: (1) three California Fair Employment and Housing Act ("FEHA")-related causes of action, including: (a) employment discrimination; (b) harassment; and (c) retaliation; (2) a violation of the Bane Act, California Civil Code § 52.1; (3) a violation of California Labor Code § 1102.5; (4) a violation of the Unruh Civil Rights Act, California Civil Code § 51; and (5) intentional infliction of emotional distress. (ECF No. 16.) On July 21, 2026, Defendant moved to dismiss the FAC, with a hearing noticed for September 1, 2026. (ECF Nos. 21, 24.) Plaintiff opposed the motion to dismiss on August 4, 2026, and Defendant replied on August 13, 2026. (ECF Nos. 25, 28.) On August 19, 2026, the Court vacated the hearing noticed for September 1, 2026 and submitted the motion on the record pursuant to Local Rule 230(g). (ECF No. 32.)

## II. LEGAL STANDARDS

### A. Rule 8, Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). To give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550

U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

**B. Subject Matter Jurisdiction under Rule 12(b)(1)**

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

/ / /

### C. Failure to State a Claim under Rule 12(b)(6)

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

### D. Judicial Notice

When reviewing a motion to dismiss, courts may consider undisputed facts contained in judicially noticeable documents under Federal Rule of Evidence 201 without converting the motion to one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). This includes undisputed facts from documents attached to the complaint or those on which the complaint "necessarily relies." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (approving judicial notice of documents from judicial proceedings); *King v. California Dep't of Water Res.*, 561 F. Supp. 3d 906, 910 (E.D. Cal. 2021) (taking judicial notice of administrative agency records, including decisional documents); *Gamboa v. Tr. Corps.*, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded documents related to a foreclosure sale, including grant deed and deed of trust, as they were "part of the public record and [] easily verifiable").

## III. DISCUSSION

Defendant moves to dismiss the FAC, arguing that (1) Plaintiff's claims are time-barred by the applicable statute of limitations; (2) the entire FAC is barred by res judicata due to the prior dismissal of *Meckfessel I* without leave to amend; (3) Defendant was

never Plaintiff's employer; and (4) Plaintiff's Unruh Act and Bane Act allegations fail on the merits. Def. Mot. at 7-17 (ECF No. 21). However, due to Plaintiff's amendment of the Complaint to allege only state law claims and there being no other basis for subject matter jurisdiction, the Court recommends sua sponte remanding this action to Sacramento County Superior Court and denying Defendant's motion to dismiss as moot, as explained below.

**A. Request for Judicial Notice**

Defendant's motion to dismiss is accompanied by a request for judicial notice. Def. Req. Judicial Notice (ECF No. 22). Defendant requests the Court judicially notice the following items: (1) Plaintiff's original Complaint filed in *Meckfessel I*; (2) the *Meckfessel I* Docket; (3) Plaintiff's Charge of Discrimination filed with the U.S. Equal Employment Opportunity Commission ("EEOC") filed on February 6, 2025; (4) the EEOC dismissal of Plaintiff's charge on February 11, 2025; (5) the August 25, 2025 Order issued by the undersigned dismissing the original Complaint in *Meckfessel I* with leave to amend; (6) the FAC in *Meckfessel I*; (7) the December 29, 2025 Findings and Recommendations issued by the undersigned recommending dismissal of the FAC in *Meckfessel I* without leave to amend; (8) Plaintiff's January 12, 2026 objections to the undersigned's Findings and Recommendations; (9) the district judge's February 20, 2026 Order in *Meckfessel I* adopting the December 29, 2026 Findings and Recommendations; (10) the district court's February 20, 2026 final judgment dismissing *Meckfessel I* without leave to amend; (11) Plaintiff's May 20, 2026 motion to vacate the district judge's order in *Meckfessel I*; (12) Plaintiff's filing of the original Complaint in the present action in the Sacramento County Superior Court on February 17, 2026; (13) Defendant's notice of related case filed in the Sacramento Country Superior Court on June 3, 2026; (14) the district court's issuance of a related case order in *Meckfessel I* that the current action is a related action on June 10, 2026; (15) Plaintiff's motion for extension of time for service of summons/complaint in *Meckfessel I*, filed on June 29, 2026; and (16) the district court's July 15, 2026 order in *Meckfessel I* denying Plaintiff's

motion to vacate. Def. Req. Judicial Notice at 3-6.

Defendant's request is granted. "The court may judicially notice a fact that is not subject to reasonable dispute because it...can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(c). In the Ninth Circuit, "court filings and other matters of public record" are sources whose accuracy cannot reasonably be questioned for the purposes of Rule 201 of the Federal Rules of Evidence. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

**B. Lack of Subject Matter Jurisdiction**

The Court lacks subject matter jurisdiction to hear this action because the FAC does not contain federal claims. "When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what her new complaint says. If (as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 49 (2025). The Supreme Court's ruling in *Royal Canin* overturned Ninth Circuit precedent that post-removal amendments do not undermine federal jurisdiction. *See Faulk v. JELD-WEN, Inc.*, 159 F. 4th 618, 620 (9th Cir. 2025). Defendant's removal was predicated on federal question jurisdiction based on Plaintiff's Title VII, AEDA, ADA, and GINA claims in the original complaint. Notice of Removal ¶¶ 19-20 (ECF No. 1). The FAC has dropped Plaintiff's federal claims and exclusively consists of state law claims. FAC § VII. The Court cannot rely on Plaintiff's prior pleading to confer subject matter jurisdiction to this action. *See Royal Canin*, 604 U.S., at 33 ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'"). Further, there appears to be no basis for diversity of citizenship jurisdiction, as both Plaintiff and Defendant appear to be citizens of California. *See* Docket; FAC ¶¶ 1-2. Therefore, under *Royal Canin*, the Court lacks supplemental jurisdiction to hear Plaintiff's state law claims and recommends sua sponte remanding this action to state court. *See Gray v. City of*

*Roseville*, 2025 WL 1014690, at *1 (E.D. Cal. Apr. 4, 2025) (remanding a case sua sponte where the court lacked subject matter jurisdiction under *Royal Canin*).

### C. Defendant's Motion to Dismiss

In light of the Court's recommendation that the action be sua sponte remanded to the Sacramento County Superior Court, the Court recommends denying Defendant's motion to dismiss as moot.

## IV. CONCLUSION

Based upon the findings above, it is RECOMMENDED:

1. This matter be sua sponte remanded to Sacramento County Superior Court;
2. Defendant's motion to dismiss the First Amended Complaint (ECF No. 21) be DENIED as moot; and
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: October 27, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, meck.2105.26.mtd