Julie A. Meckfessel Poletti
595 De Mar Drive
Sacramento, California 95831
meckfesselpoletti@outlook.com
In Pro Per

FILED
NOV 24 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

**JULIE A. MECKFESSEL POLETTI**

**Plaintiff**

**v**

**WORKDAY, INC.**

**Defendant**

**Case: 2:26-CV-02105-DJC-CSK**

**PLAINTIFF'S REPLY TO DEFENDANTS OPPOSITION TO MAGISTRATE'S FINDINGS AND RECOMMENDATIONS SUA SPONTE REMAND TO STATE COURT MEMORANDUM OF POINTS AND AUTHORITIES**

Judge: Hon. Daniel J. Calabretta

---

I. INTRODUCTION

Plaintiff Julie Mecfessel Poletti hereby objects to defendant WORKDAY, INC. Opposition to Magistrates Findings and Recommendations for Sua Sponte Remand to State Court.

Plaintiff, Julie A. Meckfessel Poletti hereby objects to the supposition of lack of federal subject matter jurisdiction

Plaintiff, Julie A Meckfessel Poletti hereby objects to defendant WORKDAY, INC Motion to Dismiss with prejudice.

This Court has authority to retain this action, dismiss defendant WORKDAY, INC. Motion to Dismiss and Grant Plaintiffs Motion

## II. PROCEDURAL HISTORY

1. Summons filed in State Court served on defendant April 17, 2026.
2. Defendants, notice of removal and notice of related cases. Filed June 8th, 2026. ECF 1, ECF 2
3. Defendant WORKDAY, INC Motion to Dismiss filed June 15th, 2026. ECF 9
4. Plaintiff's objection to motion to dismiss and cross motion to Remand. ECF 12.
5. Plaintiff's first amended complaint. Filed July 6th, 2026. ECF 16.
6. Defendant Workdays. Motion to dismiss filed July 21st, 2026. ECF 21.
7. Defendant's notice to reschedule hearing, ECF 24. Related: Proposed stipulation for extension of time with misleading dates; Plaintiff could have waived rights. Plaintiffs EXHIBIT ECF 34.
8. Motion for Extended Time and Temporary Stay, filed with Plaintiffs Opposition to defendant WORKDAY, INC Motion to Dismiss on August 4, 2026. ECF 27.
9. Defendant's WORKDAY, INC Opposition to Motion to Extend Time and Request Temporary stay of proceedings August 18th, 2026. ECF 29
10. Minute Order denying Plaintiffs' motion to Extend time prior to Plaintiff, the moving party's opportunity to file her reply brief due the same day. August 28, 2026. ECF 33.
11. Plaintiffs Request for Judicial notice ECF 35.

12. August 28, 2026, before Noon, the Court issued its Denial of Plaintiff's Motion to Extend Time and Request for Temporary Stay of Proceedings pending the appeal in the Third Appellate District. ECF 33.
13. August 28, 2026, shortly after Noon, Plaintiff s Reply to defendant WORKDAY, INC Opposition to Motion to Extend, ECF 34. Request for Judicial Notice, ECF 35.
14. On August 31, 2026, Plaintiff filed Motion for Reconsideration of Magistrate Judges order pursuant to Local Rule 230(j), Local Rule 230(d) and Local Rule 303(f). ECF 36.
15. Magistrates Findings and Recommendations for Sua Sponte Remand to State Court for Lack of Federal Subject Matter jurisdiction. ECF 42.

## I. LEGAL ARGUMENT

A. ISSUE Whether a federal district court's inherent authority to manage its docket for the orderly and expeditious disposition of cases permits dismissing a pro se plaintiff action without leave to amend where the plaintiff has not acted in bad faith, caused undue prejudice, or been given a fair opportunity to cure pleading deficiency on its merits.

The defendant has improperly characterized the docket stating "That the Court correctly stated in its June 10th, 2026, related case order that both actions involved the common parties and are based on the same or a similar claim and raise similar questions of fact or law. While there is the superseding effect in Royal Canin v. Wullschlager, 604 U.S. (2025) The plaintiff amended her original complaint, according to Federal Rules of Civil Procedure 15a. As a matter of course, within 21 days after serving the original complaint, which was the date of removal. June 8, 2026.

B. RULE 17. While the District Court possesses inherent authority to control their own docket, discretion is bound by FRCP 15(a)2. Supreme Court precedent mandates, leave to amend must be freely given, so cases are decided on their merits rather than technicalities. *Fomen V Davis. 371 U.S.*

*178 182 (1962),* Refusing leave to amend without A specific justifying reason. Such as undue prejudice, bad faith or futility may constitute, abuse of discretion. *Haines v. Kerner, 404 US, 519. 520 (1972)* and Erickson v. Pardus, 551 U.S. 89 94 (2007), Courts must liberally construe proceed filings and hold unrepresented litigants to less stringent standards, ensuring constitutional. Due process in a meaningful opportunity to be heard before dismissal. The Supreme Court. Held that proceed pleadings are held to a less stringent standard than formal pleadings drafted by lawyers and should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Grabel & Sons Metal Products, Inc., v. Darue Engineering & Manufacturing. 545 U.S. 308, 314 (2005).* While the District Court possessed inherent authority to manage their docket, that authority must be exercised in a manner consistent with procedural due process. A state law claim can trigger federal question jurisdiction under 28 USC 1331. 28 U.S.C § 1653 Under federal law, defective allegations of jurisdiction may be amended in the trial or appellate courts where the underlying facts, judicially noticeable records, and evidence demonstrate "a substantial federal question". Under *Grabel & Sons Metal Products, Inc., v. Darue Engineering & Manufacturing. 545 U.S. 308, 314 (2005)*, A plaintiff should be permitted to amend the complaint to plead those embedded federal issues with greater clarity.

C. ANALYSIS

18. OMMISSION OF EVIDENTIARY RECORD, Because the courts ruled prior to the plaintiff's Reply dated August 28, 2026, the Court failed to consider supporting evidence and Plaintiff's requests for judicial notice properly submitted to establish a Federal Anchoring claim. *Gunn v. Minton.* The absence of a stand-alone federal cause of action does not deprive a federal court of jurisdiction under 28 USC §1331.

20. Plaintiff acknowledged the insufficiency of the FAC, to defendant counsel shortly after July 6th, 2026, filing. In accordance with Honorable Daniel J Calabretta's standing orders, Plaintiffs sought

stipulation with the opposing counsel to present to the court for judicial efficiency; to amend the complaint, my focus was purposefully diverted, taken off the complaint due to the crowbar assault and the succession of court filings with the Sacramento Superior Court and the Third Appellate District as listed in Plaintiffs Amended Request for Judicial Notice filed November 24, 2026.

The Supreme Court held that the first clause of Title 1985 to covering intimidation in federal court does not require proof of racial or class discriminatory animus. Being a party or witness in federal court is enough to trigger federal statutory protection against conspirational intimidation. While opposing, counsel wanted to characterize plaintiff's statements as brothers, cousins, sisters, uncle:

22. The crowbar assault on May 12, 2026 on Plaintiff was directly a result of court mail divulging this case, was conspired on and initiated by, Tim Poletti Ex husband, Anthony Poletti, ex husbands brother, Aneetra Gaston neighbor and Ca Commission POST analyst, Sherri Harris, neighbor received court mail, Harris' landlord, Keith Jackson, Keith Jackson Insurance is close to Lionakis, Nick Docus, Roderick Suttles ,Gastons Stepfather, Erin Ravencraft an employee of my ex-husband, Cathy Ally, Gaston's mother, crowbar swinger, and employee of the California Commission on POST, Former SF FBI Special Agent in Charge ROBERT TRIPP. Amended Request for Judicial Notice filed November 24, 2026, would clarify the defendant's extrinsic harassing conduct. Ca Civ Code § 1942.5, Ca Civ Code § 1940.2.

23. The FAC filed July 6, 2026, While admittedly insufficient. Claims of factual background that gives the court necessary context for The plaintiff's current allegations. The current allegations. Date specifically during the time that the plaintiff was in both cases 01315 and 02105. Plaintiff was in a protected status.

24. 28 U.S.C § 1653 CURING JURISDICTIONAL DEFECTS Under federal law, defective allegations of jurisdiction may be amended in the trial or appellate courts where the underlying facts, judicially noticeable records, and evidence demonstrate A substantial federal question. Under Grabel, A plaintiff,

pro say, should be permitted to amend the complaint to plead those embedded federal issues with greater clarity. The courts vacated dated August 19, 2026 order does not constitute prejudice under Royal Canin as the order was vacated and did not dispose of disputed or under pled facts due to Statutory retaliation dated June 9, 2026, and June 25, 2026.

25. According to Plaintiffs Request for Judicial Notice ECF 35 Direct Federal subject matter jurisdiction is established, specifically 42 U.S.C § 1983 & 1985, under 28 U.S.C § 1331, While the California Bain Act (Civil Code § 52.1) and UNRUH Act (Civil Code § 51), satisfy the Grable test when predicated on federal constitutional violations.

26. EMBEDDED FEDERAL QUESTION UNDER GRABEL:

1. Bane Act (Ca Civ Code § 52.1) Prohibits interference by threat, intimidation, or coercion with rights secured by the United States Constitution or federal laws proving the violation.

2. UNRUH ACT (Ca Civ Code § 51) Incorporates violations of the federal Americans with Disabilities Act, ADA, as As automatic state law violations and addresses equal protection and civil rights deprivations tied to federal standards.

3. STATUTORY RETALIATION: When the underlying protected activity is exercising a First Amendment right, eg. Petitioning the government, filing a lawsuit, or reporting federal violations. 27. The court must decide on the scope of federal constitutional protection. In order for this Court to determine whether the defendant violated the Bain Act or the Unruh Act or retaliated against the plaintiff for protected court activity. The court needs acknowledge the Plaintiff

CONLUSION

*Grabel & Sons Metal Products, Inc., v. Darue Engineering & Manufacturing. 545 U.S. 308, 314 (2005).* Federal question jurisdiction under 28 USC 1331 lies over state law claims that raise a stated federal issue, disputed and substantial, which a federal forum can hear without disturbing any

congressional approved balance of federal and state judicial responsibilities. While the Plaintiff's FAC pleads state law causes of action, plaintiffs' claims turn directly on embedded federal law, Federal subject matter jurisdiction, substantiated by FRE 201 evidence and Request for Judicial Notice attached to the plaintiff's motion to extend time dated August 4, 2026. ECF

By the court invoking its inherent authority to issue the minute order dated August 28, 2026, prior to the expiration of the plaintiff's statutory Reply deadline, the court inadvertently deprived the plaintiff, as the moving party of her due process right to be heard on that evidentiary record.

To the extent the first amended complaint insufficiently articulates this embedded federal question, the proper remedy under 28 USC § 1653 and Rule 15 a (2) is GRANTING Plaintiff's request for Motion for Reconsideration and Motion to Extend Time, Leave to Amend prior to order of dismissal, not Defendant, WORKDAY, INC request dismissal or a Sua Sponte Remand.

B. ISSUE

28. Whether the defendant WORKDAY, INC would be prejudice if required to re litigate issues the defendant **<u>supposes</u>** "The Court Previously Decided and Dismissed" if the case was Remanded Sua Sponte.

Defendant INCORRECTLY states, "that this Court correctly stated in its June 10th, 2026, related case order. ***Both actions involve the common parties, based on the same or similar claim and raised similar questions of factor law.'***

RULE

Taylor v. Sturgell, 553 U.S. 880 (2008), Parklane Hosiery Co v. Shore 439 U.S. 322 (1979)

29. No Res Judicata or Collateral Estopple applies, the dates of the 2:25-CV-01315-CSK-DJC case span 2021, 2024 EEOC charge and CA CRD charge dated February 11, 2025, and specifically alleged misconduct by defendant WORKDAY, INC through the Plaintiffs employer SPROUTS

Farmers Market. plaintiff re alleges her argument above for amendment according to FRCP 15a(2), where justice requires.

30. EMBEDDED FEDERAL QUESTION UNDER GRABEL APPLIES AGAIN :

1. Bane Act (Ca Civ Code § 52.1) Prohibits interference by threat, intimidation, or coercion with rights secured by the United States Constitution or federal laws proving the violation.

2. UNRUH ACT (Ca Civ Code § 51) Incorporates violations of the federal Americans with Disabilities Act, ADA, as As automatic state law violations and addresses equal protection and civil rights deprivations tied to federal standards.

31. When the underlying protected activity is exercising a First Amendment right, eg. Petitioning the government, filing a lawsuit, or reporting federal violations. The court must decide on the scope of federal constitutional protection.

ANALYSIS

32. The defendant incorrectly requested that the court dismiss the current 2:26-Cv-02105 case based on the June 10th, 2026, objections in 2:25-CV-01315, Plaintiffs 2025 EEOC action was specifically filed for discrimination against a single, defendant WORKDAY platform and Sprouts Farmers Market was ordered included by Hon Chi Soo Kim. ECF 5.

33. The plaintiff would have had no idea that the defendant would continue the conduct on additional platforms except for her own constant due diligence. The Boyd Company for Gerber Collision and Glass. Sunlife Financial for Denti Quest. The California Department of Justice. Regarding the CDCR, which directly relates to the crowbar assault with the California Commission on POST.

33. POST FILING AND ONGOING CONDUCT: Although, the 2025 action was dismissed on procedural defect for failure to state a claim with Prejudice, Claim preclusion should not bar claims based on new and ongoing unlawful acts that incurred after the complaint.

In the first case was filed, or even after it was dismissed, if the defendant continues to gauge in fresh violations, these new acts form the basis of a separate actionable claim, even if the overarching pattern began during the earlier dismissed case. While the defendant raises the issue of the objections being dismissed, they were not all dismissed on their "merits, even with Prejudice. The facts are relevant for an ongoing pattern of conduct. Arguments or facts mentioned in a motion to reconsider or vacate about new misconduct that happened after the original complaint was filed. Are generally not barred by res judicata. If the court denied the motion on procedural grounds, while the first case was dismissed with prejudice. There would have been no reason for the plaintiff to bring up those issues. Until the plaintiff was abruptly locked out of the litigation process in that case without the opportunity of the court to provide the plaintiff with a stamped summons. The dismissal of that case prejudiced the Plaintiff, not the defendant.

Robinson V. Shell Oil Co. 519 U.S. 337 (1997). Burlington northern & Santa Fe railway Co. V. White 548 U.S. (2006).

CONCLUSION

33. The question of Federal Subject matter and Res Judicata / Collateral Estopple remain the largest issues at question. They are affirmative defenses. And the burden of proof is entirely on the defendant to prove that all legal elements of preclusion are met. Including proving that the issues are identical and that a final judgment exists on those identical issues. The dates of the issues listed would preclude that.

34. Both the Plaintiff and the defendant WORKDAY agree the current FAC is currently insufficient, but Supreme Court law establishes federal jurisdiction plaintiff into plaintiff intimidation or coercion while in a protected status. 28 USC Title 1331, combined with specific federal statutes interpreted by US Supreme Court. Because the protected status can refer to either a status as a federal litigant

witness or membership in a protected class, the governing Supreme Court precedent depends on the nature of the intimidation. *KUSH v. Rutledge, 460 U.S. 719 (1983) covering intimidation in federal court does not require proof of racial or class based discriminatory animus. Being a partier witness in federal court is enough to trigger federal statutory protection against conspiratorial intimidation.*

*35. FRCP 12(b)(6)* Failures to state a claim. Under Supreme Court precedent, Ashcroft v Iqbal & Bell, Although the complaint is insufficient. The issues. Do not obviously overlap. According to the judicially noticeable court records.

The issues are not identical for non mutual issue preclusion. The issues cannot just be similar. Different defendants, different timelines mean different conduct. Different duties, different facts, making the issues legally distinct.

36. No full and fair opportunity. Even if the defendants assert that the issues overlap. Preclusion should not apply because the plaintiff was denied discovery and procedural rights and due process for a full and fair hearing on the specific issues that constitute plaintiff intimidation during a protected status.

C. ISSUE

Did the plaintiff manipulate her claims to relitigate issues previously dismissed as stated by the Defendant WORKDAY, INC. Should the plaintiff be given the opportunity to amend her FAC.

RULE

37. The plaintiff File the case in state court to comply with the statutory filing deadline, FRCP 15(a)(1) Governs amending a pleading once as a matter of course within 21 days. The defendant WORKDAY Motion to Dismiss was filed on June 15th, 2026, 3 days before the restraining order hearing, The proposed settlement statement included in Plaintiff's request for Judicial Notice filed November 24th, 2026 clarifies the circumstances just after the defendant was served with the summons, April 17th of 2026. *Chambers v Nasco Inc 501 U.S. 32 (1991). Foman v Davis 371 U.S.*

*178 (1962), Conley v Gibson, 355 U.S. 41 (1957).* Establish the underlying principle of federal rules that pleadings are meant to facilitate a proper decision on the merits, rather than turning litigation into a game of skill where one misstep by a drafter is a decisive for the outcome. Estelle v. Gamble 429 U.S 97 (1976).

ANALYSIS

38. Here the defendant WORKDAY, INC specifically brings up forum manipulation, in light of the defendants judicial notice filed July 21, 2026. The Defendant WORKDAY, INC is thr party that would benefit from the Sua Sponte Remand. Having a restraining order granted against me in Sacramento Superior Court, for another party lying in wait, assaulting me with a deadly weapon, on video and taking that to POST for CA DOJ legal advice, then to Thadd Blizzard, whom ran my false background that I'm attempting to clear, granting a TRO against me after 16 days had passed.

39. Because of the nature of a TRO, I had no notice or opportunity to respond to the false allegations. The plaintiff's request for judicial notice filed on November 24th, 2026 will clarify. The testimony given. And establish that WORKDAY, INC. Had a clear involvement in the extrinsic harassment of the plaintiff.

40. The plaintiff's name is now in a statewide CLETS database. As a stalker, abuser, harasser. When she's actually been named the victim by the Sacramento Police Department. If the plaintiff called to report the additional harassment to the California Department of Civil Rights, that would come up. When the plaintiff calls to report additional harassment to law enforcement, that comes up. The plaintiff's initial Appeal to the third Appellate District. Was held up by the Sacramento. County Superior Court. For close to two weeks until the plaintiff had to call the clerk of the Third Appellate court and she had to follow up and get it sent over personally. One individual harassing action by the defendant or one of their third party actors. As shown in the Proposed Settlement Statement in Plaintiffs request for Judicial Notice. This Complicated the plaintiff's legal situation triplefold.

If the Third Appellate District reaffirmed the restraining order, it would give the federal court legal reason to not acknowledge the irreparable harm and damage to the plaintiff during a protected status or the witness intimidation It's now dominating the subject of the pleadings.

CONCLUSION

41. The defendant Is attempting to use the affirmative defense of res judicata and collateral estoppel to establish that the plaintiff's FAC should be claim precluded without once referencing he plaintiff's precluded reply that wasn't considered by the court. Plaintiff request for judicial notice. The plaintiff intimidation or the additional Defendant WORKDAY, INC platforms and the dates , actors and platforms are separate.

41. In inherent federal court authority over litigant intimidation, If intimidation occurs during an active federal lawsuit by an opposing counsel or party, even without a separate statutory lawsuit, federal court has inherent jurisdiction to protect the integrity of the proceedings.

42 NOT FUTILE under Grabel and 28 USC §1331, 1653. If given the opportunity, the plaintiff's proposed amendment is legally viable and expressly authorized by 28 USC 1653, which provides that defective allegations of jurisdiction may be amended upon terms in the trial or appellate court. Furthermore, the underlying facts satisfy. All four prongs of Grable and Sun's Metal Products, Inc V Darue Engineering and Manufacturing, 545 US 308314205 establishing federal question jurisdiction under 28 C Title 1331. Specifically, plaintiff claims one necessarily rise federal questions concerning. Plaintiff Intimidation. Retaliation. Which are actually disputed by the defendant WORKDAY, INC.

FEHA, Bain Act, and UNRWA claims under 28 USC. 1367 aligns with congressional intent and does not disrupt the federal state balance.

45. 2nd Defendants push for summary dismissal ignores the heightened ode to proceed litigants under Haines v. Kerner. And Erickson v Pardus.

CONCLUSION

Because administrative docket cannot supersede the Supreme Court mandate to decide proceed claims on their merits, particularly where the liberally construed facts state a federal claim. Raised substantial federal issues under Grabel and support supplemental jurisdiction over plaintiffs FEHA, Bain Act, and UNRWA. Claims Defendants' request for dismissal should be denied, and plaintiffs should be granted leave to amend.

D. ISSUE Plaintiff's action should be dismissed because WORKDAY, INC is not plaintiff's employer.

RULE: FEHA 2 CCR §12010 Direct liability for 3rd party conduct requires 3 elements. Protected characteristic. Knowledge: The landlord knew or should have known about the discriminatory conduct. Contractors Landlords can be liable when contractors acting on their behalf commit fair housing violations or when the landlord fails to address known third-party misconduct within their control. In this instance, the Sacramento Police Department ruled me the victim. Plaintiff filed factual police report number 26156072. Stating that the crowbar assault was instigated by Tim Poletti, Anthony Poletti, Tim Paletti's employee Aaron Ravencraft. Sherry Harris. Anitra Gaston and Cathy Alley, who conspired against the plaintiff's rights. Upon discovering. The proofs of service of the actual summons being served in this case. The Courts own order references a subsequent car accident. Where the plaintiff's property was damaged puposely instead of repaired. by Gerber, Collision and Glass. A subsidiary of the Boyd Company. HR WORKDAY.

Anthony and Tim Poletti. There wouldn't be a discrepancy in the factual timeline.

46. Although defendant WORKDAYS references plaintiffs Improperly filed.opposition to findings and Recommendation on 2;25-CV-01315 as litigated, The crowbar assault on May 12, 2026, As I was being tracked on my telephone by Anthony Paletti from WORKDAY Walmart at Delta Shores.

Let's suppose I did not get the crowbar assault on video exactly follows What my former family law attorney Stephanie L Williams did by getting me arrested and stuck in jail for 26 days to get rid of her legal malpractice case Poletti v. Stephanie L. Williams in 2016. Plaintiff. That the smear campaign was carried through several courts' jurisdictions. That the pattern information With law enforcement ignoring my reports, Now considering California Commission on Post Accountability chief Robert Tripp., difficult to get into court in a continuous manner without being burdensome.

47. Irreputable Harm: The Plaintiff States in 2016 when she sued Stephanie Williams. Stephanie Williams failed to repair her reputation. And a purposeful gap in employment was made in my employment background Specifically for my cousin Lisa Mcfessel McFall. To use that gap WORKDAY screening Algorithms while WORKDAY participates in FEHA related activities. *Raines v. US Healthworks.*

48. Defendant tries to distance themselves. Relating neighbors, ex-husbands, brothers, cousin, but. My cousin Lisa Mcfessel McFall purposefully misused the WORKDAY platform To damage my background and economic viability. Never expecting to get caught. While a single employer issue may be litigated. Plaintiff refers to Lisa Mcfessel Mcfall's LinkedIn profile. income And filed false information in a status report. IHSS Port Authority is located on Gateway Oaks Blvd. right next to service of process for Sprouts Farmers Market. Another instance of plaintiff retaliation outside of the court process. While the defendant states that the plaintiff's ex-husband. Has made. Damaging. Actions that should mitigate WORKDAY, INC liability. It was Lisa McFall's connection to WORKDAY, INC That forced the plaintiff into this circumstance. The plaintiff leaves Miss McFall and would never try to leave a trail. And that third party harassment was always the objective. This also meets the criteria for third-party harassment under FEHA. My ex-husband had knowledge, And the ability to stop it and failed to do so. This is testified to by Cathy Alley in the proposed settlement statement for the Third Appellate District on the restraining order..

The false restraining order and the CLETS with law enforcement could potentially damage future probate. It definitely further damages plaintiffs' Economic prosperity and Employment viability prospects. Fraudulent concealment The deliberate withholding of material fact that a person has a legal duty to disclose, often when someone actively covers up information to mislead the other party or the court., suppression of material facts,

CONCLUSION :The plaintiff states that Additional retaliation was purposefully. Done on July 9, 2026 by letter, after the complaint was filed July 6, 2026. The damage is directly relatable to the defendant on WORKDAY. To complicate the court process.

The parties involved in the extrinsic harassment are related to other complaints made to the City of Sacramento re Police Department Nitro Gaston was trying to get me arrested so I'd be unable to litigate this action. Had the roles been reversed, the plaintiff would be in jail for swinging a crowbar. The granted restraining order was meant to keep the plaintiff 300 yards away. Giving Tim Poletti reason to FEHA evict the plaintiff without paying back child support. Tim Poletti's been reported to the US Department of State Diplomatic, Security Service and federal law enforcement for obtaining A falsely dated passport on our 13 year old minor daughter and traveling to. Paris, France in June of 2019

In closing, the plaintiff states. The plaintiff stands to suffer irreparable harm if the Court Remands without review of the Plaintiffs Motion for Reconsideration to Extend Time. If left with no remedy in court and no remedy with law enforcement. It will jeopardize Plaintiffs' life and safety. Plaintiff requests the court to denySue Sponte remand to state court. The plaintiff requests the court deny the defendant's motion to dismiss. And grant the plaintiff. Right to amend second amended complaint. The plaintiff respectfully requests the court retain Federal Subject Matter Jurisdiction. Her motion for reconsideration grant a short leave to amend. Deny plaintiff's motion to dismiss in the interest of Justice.

I declare under penalty of perjury the foregoing is true & correct under the laws of the United States

Nov 24, 2026 [illegible]